# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 4367 |
| v. ) | |
| ) | Paul E. Plunkett, Senior Judge |
| RUSSELL ELLIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons set forth below, defendant's *pro se* motion for extension of time to file a notice of appeal is granted.

### Discussion

On September 9, 2005, this Court issued a Memorandum Opinion and Order denying Ellis' petition for relief. Though it was styled as a request for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, Ellis' petition, which challenged the validity of his sentence, was actually a petition for relief under 28 U.S.C. Section 2255 ("section 2255".) That petition was also Ellis' second habeas petition, the first having been decided on the merits against him on October 10, 2003. (See *United States v. Ellis*, No. 03 C 4367 (95 CR 509), 2003 WL 22326585 (N.D. Ill. Oct. 10, 2003).) Because a petitioner may not file a second or successive section 2255 petition without prior

1

permission from our court of appeals, this Court concluded that it was without jurisdiction to entertain Ellis' petition. *United States v. Nunez*, 96 F.3d 990, 991 (7th Cir. 1996); 28 U.S.C. § 2255.

On November 28, 2005, Ellis appealed to the Seventh Circuit who dismissed his appeal for lack of jurisdiction. According to Federal Rule of Appellate Procedure ("Rule") 4, Ellis had sixty days in which to appeal this Court's September 12, 2005 judgment. The district court's judgment was entered on September 12, 2005, and Ellis' appeal, although dated November 17, 2005, was not filed until November 28, 2005. *See* Fed. R. App. P. 4(c). Because this Court did not grant an extension for the appeal period, the Seventh Circuit concluded that they did not have jurisdiction to hear the matter.

Now, Ellis asks this Court to reopen the time to file an appeal under Rule 4(a)(6). Under this provision, the district court may reopen the time to file an appeal *only if* the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d). Fed. R. App. P. 4(a)(6). Under Federal Rule of Civil Procedure 77(d), the clerk must provide notice of a judgment, but lack of such notice "does not affect the time to appeal . . . or relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a)." Fed. R. Civ. P. 77(d).

Ellis does not assert that he did not receive notice of the Court's September 12, 2005 order. In fact, he admits that he received the clerk's notice of judgment, but not until October 31, 2005. Because Ellis concedes that he did receive the clerk's notice of the judgment, he may not obtain relief under this provision of Rule 4.

However, his cause is not lost. Defendant also asks this Court for an extension to file an appeal of the Court's September 12, 2005 ruling. Under Rule 4(a)(1)(B), when the United States is a party to a lawsuit, the notice of appeal may be filed by any party within sixty days after judgment

is entered. Fed. R. App. P. 4(a)(1)(B). Furthermore, we may extend the time to file a notice of appeal if the motion is made within thirty days after which the time to file has expired and the party shows excusable neglect. Fed. R. App. P. 4(a)(5)(A)(i)-(ii).

Here, if we measure from the actual judgment entry date, Ellis would have had to file his appeal by November 11, 2005, or his extension by December 12, 2005. Ellis did not comply; his appeal was filed on November 28, 2005, and his request for extension was filed on January 17, 2006.[1] In his January 17, 2006 motion, Ellis asked for more time because he did not actually receive the judgement until October 31, 2005. Ellis now asks this Court to consider his need for extension as timely and excusable.

In general, *pro se* litigants are provided with more lenient standards than those who are represented by counsel. *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988) (stating "pro se complaints are to be liberally construed"); *Ross v. Franzen*, 777 F.2d 1216, 1223 (7th Cir. 1985). Furthermore, a court should not presume that a *pro se* litigant fully understands the procedural requirements, and those litigants should be allowed some procedural leniency. *Chapman v. Kleindienst*, 507 F.2d 1246, 1253 (7th Cir. 1974) *rev'd on other grounds*. In general, unlike a *pro se* prisoner, a litigant has control over the sending and receiving of mail and has the freedom to access court documents. *Houston v. Lack*, 487 U.S. 266, 275 (1988) *Id.* However, because *pro se* prisoners are subject to the prison administration's delivery of the mail, the date on which they receive mail may be long after the mail was sent. *Id.* (stating that, in prison, to rely upon the date of receipt is difficult because it is hard to determine whether any delays are attributable to the United

---

[1] The January 17, 2006 motion was never received by this Court because, as Ellis states, the clerk of the court mistakenly docketed it to Ellis criminal case.

3

States Postal Service or the prison authorities.) In such instances, the court of appeals should have jurisdiction over appeals that were delayed by prison mail. *Id.*

If we measure from the date that Ellis actually received the judgement, he would have had to file his appeal by December 30, 2005, or his extension by January 30, 2006. Thus, his January 17, 2006 request for extension would have been timely under Rule 4(a)(5)(A). A *pro se* prisoner has no choice but to be at the whim of the prison mail system, neither of which he can control or supervise. *Houston*, 487 U.S. at 271. We do not know whether the delay was because of the U.S. mail system, his transfer, in house mail procedures, or his own tardiness, but it would be difficult for a Ellis, or any other prisoner, to prove that it was not his own delay. *Id.* Thus, we believe that Ellis should be permitted to appeal this Court's September 12, 2005 decision. His motion for extension of time to file an appeal is granted.

## Conclusion

For the foregoing reasons, Ellis motion to reopen the time to file an appeal is denied and his motion for extension of time to file an appeal is granted.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: **JUN 2 0 2006**

4